UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERALD T. KING,

    Plaintiff,

v.                                          Case No. 3:14-cv-1431-J-39MCR

E. KRAFT,

    Defendant.

**ORDER**

**I. Status**

Plaintiff Gerald T. King, an inmate of the Florida penal system, is proceeding in this action on a pro se Second Amended Civil Rights Complaint (Complaint) (Doc. 14) filed pursuant to 42 U.S.C. § 1983. He names E. Kraft as the sole Defendant. The Court will construe the pro se Complaint liberally. The remaining claims are: (1) Defendant Kraft, in his individual capacity, "did with a malicious and sadistic intent," use excessive force against Plaintiff in violation of the Eighth Amendment, and (2) Defendant Kraft, in his individual capacity, used excessive force against Plaintiff constituting the tort of battery pursuant to § 784.03(1)(a), Fla. Stat.[1] As relief, Plaintiff seeks compensatory and punitive damages and declaratory relief.

---

[1] The Court dismissed the negligence claim on December 18, 2015. Order (Doc. 24). Additionally, the Court dismissed Plaintiff's request for relief that no incarceration liens be placed against him pursuant to § 960.293, Fla. Stat., and that the law be deemed inapplicable to him. Order (Doc. 24).

This cause is before the Court on Defendant Kraft's Motion for Summary Judgment (Defendant's Motion) (Doc. 33). Plaintiff was advised of the provisions of Federal Rule of Civil Procedure 56, notified that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and given an opportunity to respond. See Summary Judgment Notice (Doc. 34) & Order (Doc. 7). Plaintiff filed a Response and Affidavit in Opposition to Defendant's Motion for Summary Judgment (Response) (Doc. 35) and an Appendix (Doc. 36).

## II. Plaintiff's Allegations

In his verified Complaint,[2] Plaintiff alleges that on June 2, 2014, at 7:40 a.m., while housed in cell G-3-104 at Columbia Correctional Institution, he was using the bathroom. Complaint at 2. He partially closed the cell door prior to urinating. Id. Joseph Cotto, his cell mate, was in the cell. Id. Defendant Kraft entered Quad 3 and said "count time." Id. Plaintiff, after urinating, reached to re-open the partially closed cell door. Id. Defendant Kraft, while conducting the count, paused at Plaintiff's cell front. Id. Kraft, less than two feet directly in front of

---

[2] See Stallworth v. Tyson, 578 F. App'x 948, 950 (11th Cir. 2014) (per curiam) (citations omitted) ("The factual assertions that [Plaintiff] made in his amended complaint should have been given the same weight as an affidavit, because [Plaintiff] verified his complaint with an unsworn written declaration, made under penalty of perjury, and his complaint meets Rule 56's requirements for affidavits and sworn declarations.").

Plaintiff's cell door, had a clear view of Plaintiff's actions through the well-lighted cell security window. Id. Kraft knew that there were no door handles or gripping devices on the inside of the cell door. Id. at 3. After Kraft observed, through the cell window, Plaintiff's efforts to re-open the cell door, Kraft "did with deliberate force pull and secure cell door G-3-104 locked closed, causing one third (1/3) of the Plaintiff's fifth (pinkie) finger on the Plaintiff's right hand to be severed by being sliced off between the swinging cell door and the locking device." Id.

In response to the trauma, Plaintiff jerked his right hand back and away from the cell door, gripped his injured finger with his left hand, and made direct eye contact with Kraft through the security window. Id. Kraft laughed and walked away. Id. Kraft continued with the count procedure for approximately twenty seconds. Id. Kraft was not "alerted or informed by the Plaintiff that Plaintiff had been injured[.]" Id. Kraft returned to Plaintiff's cell and said, "What did you do? I should mace your bitch ass. Do you want to go to medical?" Id. Plaintiff did not respond to Kraft's inquiry. Id. at 4. Kraft walked away and requested by radio that Plaintiff's cell door be re-opened. Id. Kraft exited Quad-3 and returned to the officer's station. Id.

On July 15, 2014, Kraft approached Plaintiff's cell, now cell G-3-206. Id. Kraft and another officer conducted a brief search of the cell and then exited the cell. Id. Kraft returned to

3

Plaintiff's cell, and "[i]n pretense of searching behind cell door G-3-206 the Defendant stated, '[y]our buddy has not fulfilled your contract. I got you. It should take a pack.'" Id. at 5. Plaintiff perceived this statement to be a "a psychological threat."

### III. Summary Judgment Standard

The Eleventh Circuit set forth the summary judgment standard.

> Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law controls which facts are material and which are irrelevant. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997). Typically, the nonmoving party may not rest upon only the allegations of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). A pro se plaintiff's complaint, however, if verified under 28 U.S.C. § 1746, is equivalent to an affidavit, and thus may be viewed as evidence. See Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980). Nevertheless, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c)(4). "[A]ffidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment." Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).
>
> As we've emphasized, "[w]hen the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving

> party, there is no 'genuine issue for trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Unsupported, conclusory allegations that a plaintiff suffered a constitutionally cognizant injury are insufficient to withstand a motion for summary judgment. <u>See</u> <u>Bennett v. Parker</u>, 898 F.2d 1530, 1532-34 (11th Cir. 1990) (discounting inmate's claim as a conclusory allegation of serious injury that was unsupported by any physical evidence, medical records, or the corroborating testimony of witnesses). Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

<u>Howard v. Memnon</u>, 572 F. App'x 692, 694-95 (11th Cir. 2014) (per curiam) (footnote omitted).

Of import, at the summary judgment stage, the Court assumes all the facts in the light most favorable to the non-moving party, in this instance, the Plaintiff, and draws all inferences in the Plaintiff's favor. <u>McKinney v. Sheriff</u>, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam). "Summary Judgment is appropriate only when, under the plaintiff's version of the facts, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Felio v. Hyatt</u>, 639 F. App'x 604,

606 (11th Cir. 2016) (per curiam) (citation omitted). Therefore, summary judgment would properly be entered in favor of Defendant Kraft where no genuine issue of material fact exists as to whether Plaintiff's constitutional rights were violated.

## IV. Defendant's Motion

Defendant Kraft contends that he is entitled to summary judgment. He first states that the Complaint should be dismissed because the incident was an "unfortunate accident" and does not support a claim of excessive force. Defendant's Motion at 7. He also contends that he is entitled to qualified immunity. Id. at 7-8. He asserts that Plaintiff's assertion of psychological threat does not rise to the level of a constitutional violation. Id. at 8-9. Finally, Kraft contends that Plaintiff is not entitled to statutory relief under § 784.03(1)(a), Fla. Stat., because this statute does not concern a civil tort action, and furthermore, the Court lacks jurisdiction to find Kraft guilty of a state misdemeanor crime or impose punishment for such. Id. at 9.

## V. Plaintiff's Response

Plaintiff, in his Response, urges this Court to find that there remain genuine issues of material fact in dispute. Response at 8. He first notes that Kraft concedes that Plaintiff did not suffer a de minimus injury. Id. See Defendant's Motion at 5. Plaintiff claims that the closing of the door by Kraft was done maliciously or sadistically for the very purpose of causing harm,

that is to inflict injury.  Response at 8.  Plaintiff mentions Kraft's "psychological threat" in his statement of facts, but he does not claim that Kraft's verbal threats amounted to the excessive use of force.  Id. at 12.  Finally, Plaintiff counters Kraft's assertion that he is entitled to qualified immunity by referencing the genuine dispute as to material facts.  Id. at 12-13.

**VI. Law and Conclusions**

**A.  Excessive Force**

"The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.  In considering an Eighth Amendment excessive force claim, [the Court] must consider both a subjective and objective component: (1) whether the 'officials act[ed] with a sufficiently culpable state of mind,' and (2) 'if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'" Tate v. Rockford, 497 F. App'x 921, 923 (11th Cir. 2012) (per curiam) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)), cert. denied, 133 S.Ct. 1822 (2013).

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d

7

> 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); see <u>Bozeman v. Orum</u>, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the <u>Whitley</u> test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. See <u>Brown v. Smith</u>, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force). If not, then it does not.

<u>Cockrell v. Sparks</u>, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam).

"Although the extent of the injury is a relevant factor in determining the amount of force applied, it is not solely determinative of an Eighth Amendment claim." <u>Muhammad v. Sapp</u>, 494 F. App'x 953, 957 (11th Cir. 2012) (per curiam) (citing <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37 (2010)).

> When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See <u>Whitley</u>, <u>supra</u>, 475 U.S., at 327, 106 S.Ct., at 1088. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

<u>Hudson</u>, 503 U.S. at 9.

The standard in an excessive use of force case is as follows:

> [O]ur core inquiry is "whether force was applied in a good-faith effort to maintain or

> restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). In determining whether force was applied maliciously and sadistically, we look to five factors: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates[, as reasonably perceived by the responsible officials on the basis of facts known to them]..." Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations omitted).[3] However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 112 S.Ct. at 1000 (quotations omitted).

McKinney v. Sheriff, 520 F. App'x at 905.

Significantly, Kraft admits that Plaintiff's injury was not de minimis. Indeed, this incident resulted in a severed finger that had to be surgically mended. And, as noted by Kraft, "this case is either an unfortunate accident, as is claimed by KRAFT," or a deliberate use of excessive force as claimed by Plaintiff. Defendant's Motion at 3. As related by Plaintiff in his statement of facts, Kraft observed him, through the large cell window, attempting to open the door without a handle. Plaintiff alleges that, despite this observation, Kraft intentionally closed the door

---

[3] See Whitley v. Albers, 475 U.S. 312, 321 (1986).

on Plaintiff's hand. After Plaintiff gripped his injured finger, Plaintiff states that he made eye contact with Kraft, but Kraft laughed and walked away.

Although Kraft disputes Plaintiff's assertion that Kraft observed Plaintiff attempting to close the door through the cell window, that is a question of fact, a matter for a jury to decide. Plaintiff, in his verified Complaint, states that Kraft saw him attempting to close the door, Kraft intentionally shut the door on Plaintiff's hand in order to inflict injury, and then laughed after seeing Plaintiff gripping his injured hand and walked away.

The parties have submitted contradictory versions of what happened on June 2, 2014. There remain disputed issues of material fact:

> "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A genuine factual issue is one that "properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Id. at 250, 106 S.Ct. at 2511.

Smith v. LePage, Case No. 15-11632, 2016 WL 4473223, at *3 (11th Cir. Aug. 25, 2016). Accordingly, Defendant Kraft's Motion will be denied with respect to Plaintiff's Eighth Amendment excessive use of force claim because there are genuine issues of material fact that prevent the entry of summary judgment.

10

## B.  Qualified Immunity

Defendant Kraft asserts that he is entitled to qualified immunity from monetary damages in his individual capacity with regard to the excessive force claim.  Defendant's Motion at 7-8.  The Eleventh Circuit recently set forth the appropriate inquiry in this regard:

> To determine whether qualified immunity applies, we conduct a two-step inquiry: (1) do the facts alleged, construed in the light most favorable to the plaintiffs, establish that a constitutional violation occurred; and (2) was the violated constitutional right clearly established. Perez, 809 F.3d at 1218. Under either step, "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." Tolan v. Cotton, --- U.S. ----, 134 S.Ct. 1861, 1866, 188 L.Ed.2d 895 (2014). A right may be clearly established by an existing decision of the Supreme Court, this Court, or the state's highest court. Valderrama v. Rousseau, 780 F.3d 1108, 1112 (11th Cir. 2015). For a right to be clearly established, "there need not be a case on all fours, with materially identical facts"; rather, there can be "notable factual distinctions" between the precedent and the case before the court. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1277 (11th Cir. 2004) (quotations omitted). Officials need only have "reasonable warning" that their conduct violated constitutional rights. Id. (quotation omitted).

Smith v. LePage, 2016 WL 4473223, at *3.

It is undisputed that Kraft was engaged in discretionary functions during the events at issue.  Given the undersigned's conclusion that summary judgment should be denied as to the Eighth Amendment excessive use of force claim, and based on the state of

the law on qualified immunity in the Eleventh Circuit, qualified immunity should be denied as to Defendant Kraft.

### C. Psychological Threats

Defendant Kraft apparently construes Plaintiff's Complaint as attempting to raise a separate claim of a psychological verbal threats. The Court previously determined that Plaintiff did not raise a separate claim of verbal threats. Order (Doc. 24) at 3. Instead, Plaintiff references Kraft's statements to support Plaintiff's contention that Kraft was acting maliciously or sadistically on June 2, 2014 when he closed the door on Plaintiff's hand. Response at 12. Therefore, the Defendant's Motion will not be granted on this basis.

### D. Tort of Battery

Although not a model of clarity, Plaintiff apparently contends that Kraft's alleged action of intentionally shutting Plaintiff's hand in the door constituted a battery pursuant to § 784.03(1)(a), Fla. Stat. Complaint at 5. Upon review, Chapter 784.03 of the Florida Statutes addresses the crimes of battery and felony battery. Specifically, § 784.03(1)(a), Fla. Stat., provides that the offense of battery occurs when a person actually and intentionally touches or strikes another person against the will of the other; or intentionally causes bodily harm to another person. Furthermore, the statute provides that the offense of battery is a

misdemeanor of the first degree, unless the requirements for felony battery are met under § 784(2), Fla. Stat.

Defendant Kraft asserts that Plaintiff is not entitled to statutory relief under § 784.03(1)(a), Fla. Stat.  Upon review, Defendant's Motion is due to be granted with respect to Plaintiff's claim of battery under Chapter 784.03(1)(a).  As noted by Kraft, this statute does not concern civil tort actions; moreover, this Court lacks jurisdiction to find Kraft guilty of a Florida misdemeanor offense of battery.  Thus, Defendants' Motion asserting that Plaintiff is not entitled to statutory relief under § 784.03(1)(a) is due to be granted.

Therefore, it is now

**ORDERED:**

Defendant Kraft's Motion for Summary Judgment (Doc. 33) is **GRANTED** with respect to Plaintiff's claim of battery under § 784.03(1)(a), Fla. Stat., and that claim is dismissed from the action.  In all other respects, Defendant Kraft's Motion for Summary Judgment (Doc. 33) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October, 2016.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/13
c:
Gerald T. King
Counsel of Record